NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WILLIAM W. RAMSEY, Jr.,

Plaintiff-Appellant,

v.

STATE OF HAWAII,

Defendant-Appellee.

No. 20-17453

D.C. No. 1:20-cv-00215-JMS-KJM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted December 14, 2021[**]

Before:    WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Former Hawaii state prisoner William W. Ramsey, Jr. appeals from the

district court's judgment dismissing his action alleging federal and state law claims

arising out of his criminal trial, incarceration, and placement on a sex offender

registry.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's dismissal for lack of subject matter jurisdiction on the basis of sovereign immunity. *Ariz. Students' Ass'n v. Ariz. Bd. of Regents,* 824 F.3d 858, 864 (9th Cir. 2016). We affirm.

The district court properly dismissed Ramsey's action against the State of Hawaii on the basis of sovereign immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984) (states must unequivocally express consent to waive sovereign immunity).

The district court did not abuse its discretion in denying Ramsey leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that leave to amend may be denied where amendment would be futile); *see also Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated").

We reject as meritless Ramsey's contentions concerning prosecutorial immunity.

**AFFIRMED.**